2007-5148. Mr. Bransford, good morning to you. Please proceed. May it please the Court. This case is here because of the Supreme Court's decision in Fausto and because the once uniformed personnel system of the federal government no longer exists the way it once did. Fausto says that the MSPB, not the federal courts, particularly not the federal court of claims, can hear federal personnel actions governed by the Civil Service Reform Act. An underpinning of Fausto is that it is a comprehensive scheme to address a uniformed personnel system. Thus, only those remedies provided by Congress are covered and are not to be exercised by courts in the Civil Service Reform Act jurisdiction. Let me tell you what my problem is here. It strikes me that you're correct, that there has to be somewhere that you can go to raise this subsection A, retirement credits raises issue. The question, it seems to me, is whether you should be going to the MSPB or to the court. What has happened here is that in the Welker case or whatever the name of it is, that the board has said we don't have jurisdiction over this kind of issue. That may not be a correct decision. Shouldn't you have gone from the board decision denying jurisdiction over this going to this court with the contention that the board, in fact, was mistaken that it does have jurisdiction under the OPM regulations and that the board should be required to address this issue? Isn't that the problem that we have here, that maybe you should have appealed to us from the original board decision denying jurisdiction because it was wrong? Your Honor, the problem with doing that at this stage is that it's clear that Ms. Gallo was, in fact, put back in her old position as an air traffic controller. There was no priority consideration that she was denied. And the only way she can get MSPB jurisdiction if she's been out more than a year is if she has been denied priority consideration. I'm not sure that's true. That's the question. Under 353.304A, it may be that the board does have jurisdiction and that when the board said that it didn't, it was wrong. But, Your Honor, 353.304A does not apply because Ms. Gallo was out more than a year. 353.304A only applies if you're out less than a year and you're restored. In that case, you have complete right to get your job back. No, no, no. That's not correct. 304A is a broad provision. It says except is provided in paragraphs B and C. And B deals with somebody who recovers more than one year later. That's correct. And B, it's to be sure B doesn't talk about these compensation issues, but that doesn't mean that they aren't within Your Honor, the MSPB case law on this is that if something is covered by B if you've been out more than a year. That's right. The MSPB case law is against you. But maybe the MSPB is wrong and they do, in fact, have jurisdiction. Well, obviously, Your Honor, if you're correct on that, then the MSPB is the place we go, but we don't believe that that's the correct interpretation. Do you agree with the MSPB's interpretation they don't have jurisdiction? I think that's the correct interpretation. That's a fair reading of 354.304B that if you recover after more than a year, you're only entitled to priority consideration, which Ms. Gallo had, excuse me, she received, thus depriving her of MSPB jurisdiction. That's the premise of our belief that she could have gone and should have gone in to the Court of Federal Claims under 8151A, giving her an independent right of action given the mandatory language of the statute. How does FAUSTO help you? Your Honor, FAUSTO was decided in 1988 at a time as I was making the point that there was a uniformed personnel system. This case, Ms. Gallo's situation arises because the FAA has a new personnel system that it started implementing in the mid-1990s. It favored air traffic controllers. They received a number of pay increases while she took another job outside air traffic control because she was medically disqualified for it. Given the specific holding of FAUSTO where the Court talks about the three chapters in Title V, Chapters 23, 43, and 75, that it's specifically concerned about what we have here is a very different chapter, Chapter 81. We do clearly have the Civil Service Reform Act implicated because of the MSPB appeal authorized by 8151B and the implementing regulations. But it seems to me that there are distinctions to be made from the specific holding of FAUSTO that would allow Ms. Gallo to take her issue to the Court of Federal Claims and argue that it is not covered by the Civil Service Reform Act and therefore there is no preclusion. Based on what? Your Honor, I think this case is much like the Worthington case where you had another statute where you in fact also had an employee who filed an earlier MSPB and EEO case who was denied compressed leave who in this court found that the Court of Federal Claims in fact did have jurisdiction. Based on the fact that this is a personnel action, that this was not even a personnel action, the personnel action was she was reinstated to air traffic control and was given what she contends to be the wrong level of pay. In fact, the government agrees that had she not been injured, had she never had this work-related injury, her salary today would be higher than it is. And she was denied these increases. Well, that sounds like she was not properly restored. Your Honor, the trial court used that word a lot in its decision. There is a distinction between being improperly restored and receiving priority consideration. You have to be denied priority consideration if you are out more than a year in order to get more jurisdiction. The language in the MSPB regulation in 1201.3 says... I thought the statute required that you be restored to your position as if you had never been out of it. That is our position, Your Honor. That is exactly what we are saying. Well, then if I am restored to my position, but let's say theoretically half the pay that position is supposed to hold, then I am not really restored. It is a name only. It is an improper restoration. It is not real restoration. Your Honor, my understanding is the MSPB case law has said that it does not have jurisdiction on improper restoration issues for those more than a year. I don't care what the MSPB says. I am trying to figure out what Congress mandated. It looks to me like Congress mandated that restoration be done properly by agencies where the MSPB has found that it is required under the standards in the law. And if the agency does something less than proper restoration, the MSPB should be in the position to require the remaining redress. I agree with everything you said, Your Honor, except the part about the MSPB. The statute says under regulations promulgated by OPM and then goes on to talk about if you recover within a year, if you recover longer. And then the regulations very clearly say that all that you can have if you recover after a year is priority consideration. But I don't think the regulations are so clear. And it makes absolutely no sense to bifurcate these issues between the Court of Federal Claims and the MSPB. They all ought to be before the MSPB. And it may be that the MSPB has taken too cramped a view of its own jurisdiction here. That is certainly an argument to be made. However, it does seem to me that that regulation in 304B does limit it to priority consideration. And when you read those statutes, it is regulation. Do you have any regulatory or statutory history that suggests that either OPM or the Congress meant to split these personnel-related issues and have issues under one subsection decided by the Merit System Protection Board and issues relating to another interrelated subsection of the same section decided across town in a totally different kind of forum, namely the Court of Federal Claims? Is there any hint that's what the reg writers or the congressional actors wanted? No, Your Honor. I do not have any evidence that shows that. And I think the reason I don't have any evidence to show that is when this regulation was written, when the statute was created in 1974, there was a uniform GS system. Ms. Gallo was a GS-14. When she no longer could be an air traffic controller, she took a GS-14 job in airway facilities that did not have medical limitations. She received a difference in her air traffic pay because she no longer received shift differentials. She received that as a workers' compensation benefit. And then with the change in the system, we have a whole new personnel way of doing pay where the FAA makes these decisions and they take one group of employees, treat them differently than another because Congress said to the FAA, you need to have flexibility because you have a problem keeping your employees in for a variety of other reasons. And with that change in the personnel system, that's why I argue that the underpinnings of FAUSTA have changed. And I think that that's one of the reasons why we have a case here that slipped through the crack. That while we don't have regulatory and statutory underpinnings or evidence to show this particular situation, what I do have is, I think, a pretty clear interpretation of 354.304B that Ms. Gallo could not make a plausible claim that she was denied priority consideration, thus can't have board jurisdiction and she needs to be able to go somewhere. And the only place under those circumstances is the Court of Federal Claims. This is not, I don't think, this case of a finding in favor of Ms. Gallo is going to open up any floodgates of litigation. But it's becoming an increasingly important point as more alternative personnel systems are created and we get away from the GS system and it's going to be less clear how to treat employees when they are reinstating their jobs with rights like Ms. Gallo. I'm not sure your interpretation of Fausto is correct, that it depends on the idea of a single unified personnel system. I think it's very possible to read Fausto as saying there's a single forum being created here called the Merit System Protection Board to deal with all personnel matters, period. And henceforth, the courts will all be out of it, all of it. So why is that not the better reading of Fausto? Your Honor, there are places in Fausto where the court talks about exceptions and I think the court also talks about personnel actions that are covered by the Civil Service Reform Act being those types of actions for which there's preclusion. And I think this is, in particular, a type of a pay decision that is not covered by the Civil Service Reform Act. And I think Fausto also says if it's not covered by the Civil Service Reform Act, there is no, preclusion does not prevent a court from looking at it, assuming there's otherwise some authority. It's not a question of preclusion. As I understand it, the issue you sought to raise below was on a claim under a different part of the statutory scheme than what was actually litigated in the MSPB previously. I'm not sure I understand that question. It's a claim based on a different provision asking for a different remedy. QED, it's a different claim. Your Honor, under either, both the MSPB appeal and in the Court of Federal Claims, Ms. Fausto was asking for the pay, to be paid to her that she should have received, should be receiving as an air traffic controller. She was also asking that the MSPB for air traffic controller credit toward retirement. She has not pursued that claim. The Welter case specifically says that she can't, and I don't really see that being within the claims court's jurisdiction. So that was not raised in the complaint. All right, let's hear from the Governor. Thank you. Thank you, Your Honors. May it please the Court. Mr. Bransford. Do you agree that the MSPB has jurisdiction over this type of claim? Over restoration claims in general, certainly, sir. That's not my question. My question is, this type of claim under subsection A, does it have jurisdiction? I don't know the answer to that, Your Honor. It can't be that there's nowhere to go. That just is impossible to believe that Congress intended to create a right and a remedy and then deny it either form. So it seems to me you either have to say, yes, it is within the MSPB jurisdiction, and they wrongfully didn't pursue that. Too bad for them. Or you have to say the Court of Federal Claims erred in denying jurisdiction. I don't think that's true, Your Honor. Fausto is an example of a case where there was a type of claim that there was nowhere that Fausto could go. Yeah, but it wasn't dealing with a congressional statute like this, which confers a right. As Chief Judge Mischel says, it's unbelievable that Congress would create a right and not have some way to redress it. So you have to be able to go to either the Board or the Court of Federal Claims. And you are taking the position that there's no place for her to go? I'm not taking that position, Your Honor. I'm saying I don't know the answer to that question. 8151B. Well, suppose we were to hold that the Board is wrong in the Welter case and these other cases when it says it doesn't have jurisdiction. It does have jurisdiction. Suppose we were to hold that. Could she then go back now to the Board? I don't know if she would meet any applicable... I don't know whether her not receiving these benefits is an ongoing situation that she would be able to have jurisdiction at this point in 2001, seven years ago, whether she'd be time barred for raising that argument today. What would the government's position be? Would your position be that she could go to the Board now or not? I don't know the answer to that question, Your Honor. I haven't researched the Board's jurisdiction on that type of a claim. I would assume that there has to be a triggering event. And in this case, Ms. Gallo is alleging that the triggering event was when she was purportedly restored to the position. However, there is a factual dispute in this case as to whether or not she was restored. Remember that the MSPB regulations provide that restoration follows separation, furlough, or transfer to a lower-graded position under threat of removal. Ms. Gallo was certainly threatened with removal. However, she transferred, and Ms. Gallo's counsel admitted that she transferred to a position of the same grade. She was a GS-14 automation specialist position. So there's a factual question as to whether or not Ms. Gallo is, in fact, entitled to restoration rights, and that's something that's not adequately developed in the record before the Court of Federal Claims. And the MSPB certainly would have jurisdiction to evaluate that. However, you also have the fact that 8151B does make a distinction between individuals that were restored within a year and individuals that were restored over a year, in a time period after more than a year. Now, whether Congress meant that if you were restored after more than a year, you don't get access to these benefits is a question that is properly before the MSPB, and I would assume that the matter would determine whether or not the OPM regulations are entitled to jurisdiction. They're ambiguous, aren't they? The regulations are ambiguous as to whether the board has jurisdiction. I mean, you have 304A that says improper restoration is a ground for appeal, and then it says except is provided in B and C, so it's sort of ambiguous as to whether someone who's been more than a year can go to the MSPB or not. The MSPB has said, no, you can't come here. We don't have to give them any deference because it's not their regulations. It's the OPM regulations, right? Correct. So maybe they were wrong in the Welter case. That's certainly a possibility, Your Honor, and again, you'd have to first go to the MSPB, though, to determine whether or not Ms. Gallo, well, first of all, the question of whether or not she can still bring the claim, but also whether or not she was, in fact, separated, or not separated, but she was not separated, furloughed, or transferred to a lower-graded position. So whether or not she's entitled to any restoration rights in the first place is another question that would have to be resolved by the MSPB. And certainly, under a set of facts, this Court could certainly decide that 304A provides the restoration rights, Ms. Gallo claims, to a person entitled to restoration rights. Do you agree that it makes no sense to have these claims brought in the Court of Federal Claims Board? Oh, I agree 100%, Your Honor. I believe Falstaff clearly has removed jurisdiction for this type of claim from the Court of Federal Claims. And you agree that there has to be some place to bring the claim, right? Again, 8151B, I believe, could be read to say that people recovering after more than a year are limited to priority placement. Well, but that's a question on the merits. If there is a claim under A, there has to be a place to bring it, right? If it's a standalone claim under A, yeah, there should be some place to bring it. But again, there is a question as to whether or not B is reasonably read as limiting those rights to people who recover within a year. But that's, you know, that's what Congress wrote. Well, you see, what troubles us is you're now saying, well, they may or may not have a claim, but for sure, in your view, they were in the wrong form. But if a week from now they went to the MSPB, I'm predicting that the government would take the position that they don't belong there, which means you're asking us to accept the notion that Congress and OPM wanted them to have no forum, even if they might have a valid right to relief. Well, Your Honor, certainly the MSPB has interpreted the regulations differently, and that would be a precedent that could be cited by the government before the MSPB. That's what Chief Judge Michel said. That's exactly what I'm predicting will happen. The agency counsel will cite the MSPB authority to the MSPB and say, you don't have jurisdiction. The MSPB will say, you know what, that is what our case law says, so no jurisdiction. And so then we're left with having accepted your argument about the Court of Federal Claims, we have to downstream accept the fact that she has nowhere to go, even on the assumption that the claim might be valid on the merits. Well, Your Honor, certainly the MSPB could reconsider its jurisdictional precedent and may come to a different conclusion, and obviously there's a statutory right to appeal to this court. However, in the event that it comes back here, the attorney representing the government and the attorney representing the plaintiff, perhaps Ms. Gallo, perhaps some other individual, that there'll be jurisdiction within the court and there'll be jurisdiction within the MSPB, and this question can be resolved. Here, considering a review from the Court of Federal Claims, it's obvious the Court of Federal Claims doesn't have jurisdiction. Whether some other court may or may not have jurisdiction is irrelevant. Well, no, it's not. How can you say it's irrelevant? I just spoke, Your Honor. I didn't... If we're going to say that the Court of Federal Claims doesn't have jurisdiction, don't we have to say that the MSPB does have jurisdiction? Your Honor, I believe the question there is that the Court of Federal Claims doesn't have jurisdiction. Pursuant to the Salinas case, the Court of Federal Claims doesn't have jurisdiction if the MSPB has jurisdiction over that type or category of cases. And it's undisputed the MSPB has jurisdiction over those cases if the person recovers within a year. They have jurisdiction... So there's no place she can go? There may not be a place where she can go. However, regardless of whether the MSPB properly could... Whether Your Honor's interpretation of subsection A of 5 CFR 353-304 is correct or not, the Court of Federal Claims does not have jurisdiction pursuant to Fausto. All right. Anything further? No, Your Honor. Thank you. Mr. Bransford. Three minutes. Thank you, Your Honor. First of all, I think it's clear from a reading of the trial court's decision that the trial court believed there was no place for Ms. Fausto to go. And that was our concern. That's the reason we're here on appeal. We think there should be some place to go. I didn't represent Ms. Fausto years ago when she had her MSPB appeal, but when I reviewed her record, it seemed to me that it was reasonable based upon the MSPB precedent and the wording of... You mean Ms. Gower? Ms. Gower. What did I say? Ms. Fausto. Ms. Fausto. You said that several times. I'm so sorry. We let it pass. I'm going to have my head sewn around. That's understandable, Mr. Bransford. When there's a case... At least I didn't say some other client. When there's a case, it's a focus of discussion and it's bandied about. It's understandable that you think about it and it comes out. But as far as the timeliness question is concerned, I mean, there's a timeliness question. If Ms. Gower goes back to the MSPB at this point, they're not going to decide the case on the merits at the full board, which we'd have a right of appeal. They're going to say you're untimely and there's no good cause for... Why would it be untimely to go back, then? Why would it be untimely to go back? Because her time for appealing to the full board or to this court expired six or seven years ago. But can she bring a new claim and say I'm not being paid at the rate I'm supposed to be paid and I'd like back pay? There are issues of res judicata, collateral estoppel that come up with that. And I'm imagining that the government would raise them since the issue was brought up back in 2001. So there are problems and difficulties with doing that. I think Ms. Gower reasonably relied upon the judge's finding that... Yeah, but that res judicata wouldn't apply where there was a change in the law, right? If we changed the board's law about its jurisdiction, there wouldn't be a res judicata bar. Your Honor, I'm not prepared to specifically address that argument today, but it is my understanding as a practicing lawyer that a mere change in the law is not enough to waive a time limit to go back in. There has to be some factual... In fact, I'm sure it's the board's regulations. There has to be a factual discovery that didn't exist at the time that reasonably couldn't have been discovered. Does the deficiency in her treatment continue today? I could argue that. It would be easier if this court were to give an opinion that says Ms. Gower should be able to go back and file at the MSPB and then I'm sure the board would hear her case. But the problem with continuing violation, that's a continuing violation. There's Supreme Court precedent in EEO cases very much limiting continuing violations. So it seemed to me when I reviewed Ms. Gower's case and her record that the underpinnings of the board decision seemed correct to me. The board had no jurisdiction and that there must be some place to go because of the mandatory language in the statute. All right. Thank you very much. Thank you both to take this appeal under advice. Thank you.